

FILED
CLERK, U.S. DISTRICT COURT

JUN - 2 2025

CENTRAL DISTRICT OF CALIFORNIA
BY ___AF___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CESAR LOZANO RAMIREZ, <br><br> Defendant. | Case No. 25-MJ-03263 <br><br> ORDER OF DETENTION |

I.

On June 2, 2025, Defendant Cesar Lozano-Ramirez - assisted by a Spanish language interpreter - made his initial appearance on the criminal complaint filed in this case. Deputy Federal Public Defender Drew Havens was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Lauren Border. A detention hearing was held.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.
☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also

considered the report and recommendation prepared by United States Probation and Pretrial Services, and the arguments of counsel at the hearing.

### IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ No legal status in the United States

☒ history of substance use, including recent relapse while in a substance abuse treatment program

☒ use of monikers and aliases

☒ Defendant is alleged to have entered the United States without permission after being deported in 1995 and 2014.

As to danger to the community:

☒ criminal history includes 1995 felony conviction for burglary, and extensive law enforcement contacts, including for domestic violence

☒ substance abuse history, mental health history

☒ recent arrest for domestic violence involving Defendant's partner.

### V.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal

for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: June 2, 2025

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE